1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KODEY GALE,

                    Plaintiff,

          v.

AUTOZONE PARTS INC., and DOES
1-20,

                    Defendants.

CASE NO. 2:25-cv-00881-BHS

ORDER

THIS MATTER is before the Court on Plaintiff Kodey Gale's motion to remand, Dkt. 12.

On April 8, 2025, Gale filed a class action in King County Superior Court alleging Defendant Autozone committed wage violations against its hourly and non-exempt employees in Washington state. Dkt. 1-1.

On May 9, 2025, Autozone timely removed this case to federal court, asserting Gale's claims met all the jurisdictional requirements of the Class Action Fairness Act (CAFA). Dkt. 1 at 4. It filed a declaration by economist Emil Czechowski in support,

who calculated Autozone's total exposure to be over $5 million, assuming a 25% or 33.3% violation rate. Dkt. 4 at 6–7.

Gale moves to remand, arguing Autozone has not established the jurisdictional amount by a preponderance of the evidence. Dkt. 12. Gale asserts Autozone should have applied a more reasonable 20% violation rate, in which case the amount in controversy for meal and rest break violations becomes $4,474,630.4. *Id.* at 3. The figure does not include attorneys' fees, which Gale contends Autozone unreasonably calculates at 25% of the total recovery. *Id.* at 3–4.

Autozone responds that Gale fails to establish that a 20% violation rate is more reasonable than 25% or 33%. Dkt. 13 at 8–10. It further argues that even if the Court were to accept Gale's assumptions, the amount in controversy exceeds $5 million including the reasonable attorneys' fees Gale seeks. *Id.* at 10. Autozone provides 10 prior court orders to demonstrate the reasonableness of its assumption that attorneys' fees will be 25% of the damages award. Dkt. 14.

Putative class actions are removable under CAFA when the aggregate amount in controversy exceeds $5,000,000 for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). There is no presumption against removal for cases removed under CAFA. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("No antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court."). Under CAFA, the removing defendant retains the obligation to demonstrate by a preponderance of the evidence that the jurisdictional amount in controversy is met in order to sustain its

removal in the face of a motion to remand. *Rodriquez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 981 (9th Cir. 2013).

Though the burden remains with the defendant, it is not a daunting one. Under this standard, a removing defendant is not obligated to completely "research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1204–05 (E.D. Cal. 2008) (citing *McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D. Ky. 1994)). The appropriate measure of the amount in controversy must be based on reasonable assumption. "A removing defendant is not required to go so far as to prove Plaintiff's case for him by proving the actual rates of violation." *Tajonar v. Echosphere, L.L.C.*, No. 14CV2732-LAB (RBB), 2015 WL 4064642, at *3 (S.D. Cal. July 2, 2015) (internal quotation omitted).

The plaintiff can challenge the amount in controversy by way of a "facial" or "factual" attack on the defendant's jurisdictional allegations. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). A facial attack accepts the defendant's allegations as true but challenges their sufficiency to meet the amount in controversy. *Id.* A factual attack, on the other hand, "challenges the truth of the . . . jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Id.* at 700 (citing *Salter v. Quality Carriers*, 974 F.3d 959, 964 (9th Cir. 2020). When the plaintiff "mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold." *Id.* (citing *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)). Both parties may submit evidence outside the

1  complaint, such as affidavits or declarations, in support of their position. *Ibarra*, 775 F.3d

2  at 1197–98.

3        When the statute at issue "provides for the recovery of attorneys' fees, prospective

4  attorneys' fees must be included in the assessment of the amount in controversy." *Arias v.*

5  *Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). The defendant must prove

6  by a preponderance of the evidence the amount of attorneys' fees at stake. *Fritsch v. Swift*

7  *Transp. Co. of Ariz., LLC*, 899 F.3d 785, 796 (9th Cir. 2018). The Court may also apply

8  its own expertise "in determining the number of hours reasonably expended on the

9  litigation multiplied by a reasonably hourly rate" based on its "own knowledge of

10 customary rates and . . . reasonable and proper fees." *Id.* (internal quotation marks

11 omitted).

12       Courts have varied approaches to estimating a defendant's violation rate when

13 determining the amount in controversy. *Young v. Lab'y Corp. of Am.*, No. 3:23-cv-05892-

14 DGE, 2024 WL 689605, at *4–5 (W. D. Wash. Feb. 20, 2024). For example, when the

15 complaint does not "specify the frequency of the alleged missed meal or rest periods,"

16 courts in this Circuit have "frequently upheld at least a 20% violation rate." *Chavez v.*

17 *Pratt (Robert Mann Packaging), LLC*, No. 19-cv-00719-NC, 2019 WL 1501576, at *3.

18 However, a "higher violation rate might be appropriate if Plaintiff's complaint alleged a

19 widespread or systematic pattern of violations." *Young*, 2024 WL 689605, at *5.

20       Gale's complaint alleges Autozone "regularly" committed meal and rest break

21 violations and "occasionally" committed wage violations. Dkt. 1-1 at 4. The Court

1  concludes this language can be reasonably construed to support a 25% to 33% violation

2  rate. Gale provides no additional evidence or declarations to rebut this assumption.

3      Even if the Court were to accept a 20% violation rate and Gale's estimate of $4.47

4  million, the Court is persuaded that with the addition of attorneys' fees, it would meet the

5  jurisdictional threshold.

6      Gale disputes Autozone's assumption of 25% in attorneys' fees. However,

7  Autozone persuasively provides evidence that Gale's own counsel has sought up to one-

8  third of the recovery in prior employment actions. Dkt. 14. *See Greene v. Harley-*

9  *Davidson, Inc.*, 965 F.3d 767, 771 (9th Cir. 2020) (defendant provided evidence of

10  attorneys' fees sought by plaintiff's counsel in prior similar cases). This is consistent with

11  the Court's own experience calculating and awarding reasonable attorneys' fees in class

12  actions.

13      The Court is persuaded that Autozone has, by a preponderance of the evidence,

14  shown that the amount in controversy is greater than $5 million based on reasonable

15  assumptions.

16      Gale's motion to remand is therefore **DENIED**.

17      Autozone filed a notice of related case, Dkt. 5, asserting that another case before

18  this Court, *Reynolds v. Autozone*, No. 25-cv-05328-BHS, is substantially similar. The

19  putative classes in both cases will largely comprise the same individuals. *Id.* at 3. The

20  parties' Joint Status Report, due September 29, 2025, shall **SHOW CAUSE** as to why

21  these cases should not be consolidated.

22      //

1    **IT IS SO ORDERED.**

2

3    Dated this 26th day of August, 2025.

4

5

_____
6    BENJAMIN H. SETTLE
United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22